Bailey, Judge, concurring.
[45] I agree that the trial court erred, although I do so reluctantly. "Medicaid is a cooperative State and Federal program designed to provide health care to needy individuals ." Mulder v. South Dakota Dept. of Social Serv. , 675 N.W.2d 212, 214 (S.D. 2004) (emphasis added). Patterson is, without dispute, a needy individual based upon his limited resources and his institutionalized status. Yet, the FSSA position would leave him evicted from his care facility or necessitate that the facility continuously and substantially subsidize Patterson - something not uniformly required of other providers participating in the Medicaid program. At the end of the process (whereby eligibility is determined in step one and financial liability is calculated in step two), payment allocation is to be made between government funding and what the impoverished individual can afford to pay. There is no onus upon a provider to subsidize the patient beyond the provision of services at an already-discounted rate.
[46] Unearned income, such as Patterson's disability payments, may include garnished sums. 20 C.F.R. § 416.1123(b)(2). Patterson meets eligibility requirements even with garnished sums, and step two, the financial liability calculation, incorporates the garnished sums as part of Patterson's income. As for Patterson's ability to pay, however, he simply does not have access to funds to satisfy the liability assigned to him. Given the humanitarian purposes of Medicaid, I would expect that "received" should be understood with reference to what one has with which to pay and not a factual or legal fiction. Nevertheless, the establishment of public policy is a legislative function. There are certainly competing policies here: we require parents to support their children, we do not insist that private enterprise subsidize an individual's non-payment, and we do not abandon desperately ill and destitute individuals without care.
[47] True, Patterson did not pay his child support in full. He should have done so if able, given his chronic health conditions. Yet Medicaid is not restricted to those who have acted only legally and wisely. It is plain to me that unwise choices may lead to or contribute to impoverishment (for example, substance abuse, incarceration, or leaving employment). But ultimately, Medicaid applicants are not categorically excluded for past lifestyle choices. Nor are they uniformly penalized for having dependents. Indeed, familial obligations are taken into account in similar contexts. 42 U.S.C. § 435.725 permits a spousal allowance and a family allowance for certain dependent family members living in the home.
[48] I do not condone a voluntary decision not to pay child support. Yet I find it ironic that, were Patterson imprisoned for felony non-support, he would be provided with the care he desperately needs. In the convergence of circumstances present here - total disability requiring institutionalization, impoverishment, and a state-enforced action for child support arrearage - there is no optimal outcome with equity for all concerned. I understand the trial court's attempt to exercise compassion. However, because the trial court found invalidity of agency action where there was none, I concur in the reversal.